**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4258**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERALD NATHAN THOMAS, a/k/a Gerald Martin Thomas,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Joseph F. Anderson, Jr., Senior District Judge.  (5:19-cr-00265-JFA-1)

_____

Submitted:  September 22, 2022                    Decided:  September 26, 2022

_____

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Andrew Mackenzie, BARRETT-MACKENZIE, LLC, Greenville, South Carolina, for Appellant.  Elliott Bishop Daniels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Nathan Thomas pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2018).[*] The district court imposed a within-Sentencing Guidelines term of 120 months' imprisonment—capped at the statutory maximum sentence, *see* U.S. Sentencing Guidelines Manual § 5G1.1(a) (2018)—and three years of supervised release. On appeal, Thomas' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in applying a four-level sentencing enhancement for possession of a firearm or ammunition in connection with another felony offense, under USSG § 2K2.1(b)(6)(B). Thomas has filed pro se supplemental briefs also challenging the application of the sentencing enhancement, and additionally asserting ineffective assistance of counsel and prosecutorial misconduct. The Government moves to dismiss the appeal pursuant to the appellate waiver in Thomas' plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Upon review of the plea agreement and the

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Thomas was convicted before the June 25, 2022, amendment of the statute.

2

transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Thomas knowingly and voluntarily waived his right to appeal his conviction and sentence, except for claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law, and that the sentencing issue he raises on appeal falls squarely within the scope of the waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver.

The waiver provision, however, does not preclude our review of the validity of the guilty plea pursuant to *Anders*. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny in part the Government's motion to dismiss. Because Thomas did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearings for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see also United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (discussing plain error standard). Our review of the record leads us to conclude that Thomas entered his guilty plea knowingly and voluntarily and that a factual basis supported the plea. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Discerning no plain error, we conclude that Thomas' guilty plea is valid.

With respect to Thomas' allegations of ineffective assistance of counsel, we do not consider ineffective assistance claims on direct appeal, "unless the record conclusively shows ineffective assistance." *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020) (internal quotation marks omitted). "Because there is no conclusive evidence of ineffective assistance on the face of this record, [Thomas'] claim should be raised, if at all, in a [28 U.S.C.] § 2255 motion." *Id*. Further, our review of the record reveals no

3

evidence of prosecutorial misconduct. *See, e.g., United States v. Benson*, 957 F.3d 218, 234 (4th Cir. 2020) (noting that defendant must show "(1) the prosecutor's remarks or conduct were improper and (2) that such remarks or conduct prejudicially affected [the defendant's] substantial rights so as to deprive him of a fair [sentencing determination]" to prevail on claim of prosecutorial misconduct (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Thomas' valid appellate waiver. We therefore dismiss the appeal as to all issues within the scope of the waiver, and affirm the remainder of the district court's judgment. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4